# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| BLADOMERO LOPEZ, | * | |
| Petitioner, | * | |
| | | CASE NO. 7:04-CR-10 HL |
| VS. | * | Rule 60 (b) Motion |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On May 27, 2004, Petitioner Lopez was charged in a two Count Indictment, in concert with others, with Possession With Intent to Distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(ii), and 18 U.S.C. § 2, and in Count II, with Possession of Marijuana With Intent to Distribute in violation of 21 U.S.C. § 841(b)(1)(D), and 18 U.S.C. § 2. (R-1.) On September 22, 2004, Petitioner Lopez entered into a Plea Agreement with the Government and pled guilty to Counts I and II of the Indictment. (R-23, 24.) He was sentenced to a term of 262 months imprisonment on December 15, 2004. (R-42.) He filed no direct appeal. However, on October 27, 2005, he timely filed a § 2255 Motion To Vacate, Set Aside, or Correct his Sentence wherein he alleged Ineffective Assistance of Counsel in a single multi-faceted Ground. Petitioner's claims of ineffective assistance of counsel were all factual allegations requiring an evidentiary hearing for determination, which was held on February 21, 2006, transcription of which was filed in this action as Document # 77.

The District Court denied Petitioner's § 2255 Motion on June 5, 2006 (R-91), and also denied a certificate of appeal upon Petitioner's Notice of Appeal. On October 20, 2006, the United States Court of Appeals for the Eleventh Circuit also denied Petitioner a COA. (R-112.)

Petitioner Lopez then filed a Motion For Relief From Judgment under Rule 60(b) on December 26, 2006. (R-114.) Upon Order, the Government filed its Response (R-119) to Petitioner's Rule 60(b) Motion, and Petitioner file a Reply to the Government's Response on April 13, 2007. (R-120.)

### Petitioner's Rule 60(b) Motion

Petitioner Lopez claims, pursuant to Rule 60(b)(3),(4), and (6), that the Government "committed fraud, and or misrepresentation of a material fact, or prosecutorial misconduct." He asserts that:

> (1) the assistant U.S. Attorney filed an indictment that contains fraudulent charges that do not constitute felony criminal charges required by the Fifth Amendment of the Constitution;
>
> (2) the indictment has no legal validity and 'no legal existence,' and any action taken against a defendant is impermissible;
>
> (3) the attorney for the government has caused an unjustified sentence to be imposed by fraudulent means, and this imprisonment is in fact illegal.

(R-114 at 2.) Petitioner Lopes explains that, "Defendant is hereby stipulating the <u>he</u> is not claiming any constitutional violations whatsoever, he is, though, claiming that the prosecution has in fact commited serious misconduct, because Title 21 U.S.C. § 841, 846,

2

etc, etc, is a non-positive law title." *Id.* Petitioner Lopez concludes his Rule 60(b) Motion by contending that, "These special interest statutes (21 U.S.C. § 841 through § 846) are in fact unconstitutional, lacking in any authority for a representative who seeks to file an indictment, because it lacks any procedural requirement provision of the Fifth Amendment, the charging papers would be void and have no legal validity whatsoever, it has no legal existence." *Id.* at 4. If Petitioner did not make it clear in his Rule 60(b) Motion that his sole claim for relief from judgment hangs entirely on his contention that 21 U.S.C. § 841 et seq., are unconstitutional, he does so many times over in his Reply to the Government's Response.

Without assuming jurisdiction of Petitioner's present Rule 60 (b) Motion, it must be noted that the United States Court of Appeals for the Eleventh Circuit has long upheld the constitutionality of 21 U.S.C. § 841(a) and its penalty provisions, § 841(b). *See United States v. Osburn,* 955 F.2d 1500, 1502 (11th Cir. 1992); *United States v. Trout,* 68 F.2d 1276, 1280 (11th Cir. 1995) (holding that section 841(a) and (b) were not unconstitutionally vague, because Congress had defined clearly the conduct prohibited and provided sufficient notice to satisfy due process that such conduct was illegal and specifically how it would be punished); *United States v. Sanchez,* 269 F.3d 1250, 1275 (11th Cir. 2001), *cert. denied* 535 U.S. 942, 122 S.Ct. 1327 (2002); and *Gonzalez v. Crosby,* 366 F.3d 1253, 1268 (11th Cir. 2004). *See also Chapman v. United States,* 500 U.S. 453, 468, 111 S.Ct. 1919, 1929 (1991) (holding that the statute [the Comprehensive Drug Abuse Prevention and Control Act of 1970, as amended, 21 U.S.C. § 841(a) and (b), et seq.] is neither a violation of Fifth Amendment due process nor unconstitutionally vague.

# Rule 60(b)

In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . . Sitting en banc our Court found that the Supreme Court's recent decision in *Calderon v. Thompson,* 523 U.S. 538, 118 S.Ct. 1489 (1998), clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions. We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court. We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The Court went on to say that if the Rule 60(b) motion, is not designed to prevent a fraud upon the court, but rather to re-open a defendant's habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Likewise, the Court had ruled earlier in 2004, *Gonzalez v. Sec'y of Dept. Of Corr.,* 366 F.3d 1253, 1277 that:

> [I]f the grounds of relief stated in the Rule 60(b) motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals authorizing the district court to consider it. The point of the rule we announce today is that the petitioner may not get around the statutory restrictions on second and successive petitions by filing a Rule 60(b) motion, unless the grounds of the motion fit within one of the two statutory exceptions.

The Court pointed out that one of the exceptions is where a judgment is reopened under Rule 60(a) to correct a mere clerical mistake, and the other exception is where there is fraud upon the federal court which led to the denial of the habeas petition. *Id.* at 1278. Petitioner Lopez does not contend that this is a case or clerical mistake, rather, he contends that the prosecutor has perpetrated a fraud upon the court by indicting him under unconstitutional and invalid statutes without legal existence. As has been shown, Petitioner Lopez's claim of the unconstitutionality of 21 U.S.C. § 841, etc, is erroneous. Therefore, the prosecutor cannot have perpetrated a fraud upon the court, and Petitioner's Rule 60(b) Motion cannot meet the exception of fraud upon the habeas court in the denial of his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. Under the authority cited above, Petitioner's Motion must be treated as a second and successive § 2255 Motion as to which this court has no jurisdiction, until it shall be conferred by the appropriate Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(C).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Rule 60(b) Motion be DISMISSED for lack of jurisdiction in this Court. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th day of September 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE